UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 18) AND PLAINTIFFS' MOTION TO REMAND (DKT. 21)**

**I.    Introduction**

On November 1, 2021, Olive Brown ("Decedent"), by and through her successors in interest Sandra Martin ("Sandra"), Stanley Brown ("Stanley"), Elizabeth Brown ("Elizabeth") and Charlotte Bland ("Charlotte"); and Sandra, Stanley, Elizabeth and Charlotte, individually (collectively, "Plaintiffs") brought this action in the Los Angeles Superior Court against Baj Management, Inc., doing business as Prospect Manor ("Prospect Manor" or "Defendant"), and Does 1 through 100. Dkt. 1-1.[1] The Complaint advances four causes of action: (i) elder abuse; (ii) willful misconduct; (iii) negligence; and (iv) wrongful death. Dkt. 1-1 ¶¶ 55–78. On December 10, 2021, Defendant removed the action (the "Notice of Removal") and filed a request for judicial notice (the "Notice of Removal RJN"). Dkts. 1, 3.

On February 2, 2022, Defendant filed a motion to dismiss (the "MTD"), and a corresponding request for judicial notice (the "MTD RJN"). Dkts. 18, 19. On April 25, 2022, Plaintiffs filed an opposition to the MTD (the "MTD Opposition"). Dkts. 24, 26. On May 2, 2022, Defendant filed a reply in support of the MTD (the "MTD Reply"). Dkt. 27.

On February 3, 2022, Plaintiffs filed a motion to remand (the "MTR"). Dkt. 21. On February 16, 2022, Defendant filed an opposition to the MTR (the "MTR Opposition"), and a corresponding request for judicial notice (the "MTR RJN"). Dkts. 22, 23. On April 25, 2022, Plaintiffs filed a reply in support of the MTR (the "MTR Reply"). Dkts. 24-1, 25.

In accordance with Local Rule 7-15, a determination was made that the MTD and MTR could be decided without oral argument, and both were taken under submission. Dkt. 30. For the reasons stated in this Order, the MTR is **GRANTED**, and the MTD is **MOOT**.

---

[1] The use of first names to identify those with common surnames is designed to facilitate the discussion in this Order. No disrespect is intended by the use of this common convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

**II.    Background**

        A.    The Parties

It is alleged that Defendant is a California corporation whose principal place of business is in Los Angeles County. Dkt. 1-1 ¶ 22. It is alleged that Defendant operates an assisted living home, the Prospect Manor, in South Pasadena, California. *Id.* ¶¶ 16, 22.

It is alleged that Decedent resided at all relevant times in Los Angeles County and spent "the last twenty plus years of her life" at Prospect Manor. *Id.* ¶ 16. It is alleged that, although she was "elderly" and "required attention and care . . . for all activities of daily life," Decedent was "generally in good health" until she contracted COVID, which caused her death on December 27, 2020. *Id.* ¶¶ 16, 25–27.

It is alleged that Plaintiffs are Decedent's children, successors in interest and only living immediate relatives. *Id.* ¶¶ 17–21. It is alleged that: Sandra and Charlotte reside in Los Angeles County; Stanley resides in Kings County, Washington; and Elizabeth resides in Pierce County, Washington. *Id.* ¶¶ 17–20.

        B.    Substantive Allegations

It is alleged that Decedent was a resident at Prospect Manor when, on March 4, 2020, a state of emergency was declared in California due to the coronavirus outbreak. *Id.* ¶¶ 16, 29. It is alleged that it "became quickly apparent that nursing homes needed to promptly take reasonable measures to protect their patients from exposure to the coronavirus." *Id.* ¶ 30. It is alleged that, despite these circumstances, "Prospect Manor failed to implement appropriate safety measures." *Id.* ¶ 31.

It is alleged that, among other things, Prospect Manor failed to do the following: provide staff, employees and residents with adequate personal protective equipment; properly instruct staff regarding COVID-19 protocols; adopt and implement effective procedures to instruct and warn visitors; screen or prevent visitors from entering the premises; test staff and residents; warn residents that staff members had contracted or exhibited symptoms of COVID-19 but were still coming to work and implement an effective policy for isolating proven or suspected carriers of COVID-19 at the facility. *Id.* ¶¶ 32–43.

It is alleged that Decedent tested positive for COVID-19 in early December 2020. *Id.* ¶ 44. It is alleged that, on December 10, 2020, a nurse at Prospect Manor informed Charlotte that Decedent had tested positive, that she was "asymptomatic," and that was doing "fine" and "okay." *Id.* ¶ 46. It is alleged that neither the nurse nor any one from Prospect Manor notified Decedent's personal physician about her positive test result. *Id.* ¶ 47.

It is alleged that Charlotte then informed Decedent's personal physician that Decedent had tested positive for COVID-19. *Id.* It is alleged that Decedent's personal physician instructed that Decedent be transported to Huntington Hospital Emergency Room, and that she was transported there the same day. *Id.* ¶ 47–48. It is alleged that, upon arrival at the Emergency Room, and contrary to the representations by Decedent's nurse at Prospect Manor, Decedent "exhibited several of the well-known symptoms of COVID-19." *Id.* ¶ 49. It is alleged that Decedent's condition quickly deteriorated and that she died on December 27, 2020. *Id.* It is alleged that Decedent's death was "a result of Prospect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

Manor's unsafe and grossly reckless practices." *Id.* ¶ 43.

### III. Requests for Judicial Notice

Fed. R. Evid. 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Under this standard, judicial notice is appropriate as to public records, government documents, judicial opinions, documents on file in federal or state courts, newspaper and magazine articles and the contents of websites. *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) (newspaper and magazine articles and web pages); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (documents on file in federal or state courts); *U.S. ex rel. Modglin v. DJO Glob., Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) (public records and government documents on websites); *Maghen v. Quicken Loans, Inc.*, No. 14-CV-3840-DMG, 2014 WL 12586447, at *1 (C.D. Cal. Oct. 28, 2014) (judicial opinions).

Through the Notice of Removal RJN, Defendant requests judicial notice of 14 exhibits. Dkt. 3 at 3-4. Through the MTD RJN, Defendant requests judicial notice of 27 exhibits. Dkt. 19 at 2-5. Finally, through the MTR RJN, Defendant requests judicial notice of 44 exhibits. Dkt. 23 at 2-7. Each of these exhibits is either a government document, a document on file in a federal or state court, a judicial opinion or a statement by the World Health Organization for which there is no reasonable dispute as to authenticity. Therefore, judicial notice of these documents is appropriate and the Notice of Removal RJN, the MTD RJN and the MTR RJN are **GRANTED**.

### IV. Analysis

    A.    Motion to Remand

        1.    Legal Standards

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of its removal, it is one that initially could have been brought in a federal court on the basis of either federal question or diversity jurisdiction. 28 U.S.C. § 1441(a) (a state civil action over which district courts "have original jurisdiction" may be removed); *see generally* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party has the burden of establishing that removal was proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

"Federal-question jurisdiction stems from a congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (alteration in original). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *Id*. (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). It is well settled under the well-pleaded complaint rule that "a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)).

      2.    <u>Application</u>

Plaintiffs argue that this action should be remanded to the Superior Court because there is no federal question jurisdiction. Dkt. 21 at 11. Defendant disagrees. Dkt. 22 at 11. Neither party contends that there is any other basis for subject-matter jurisdiction over this matter. Therefore, whether this action must be remanded turns on whether there is a basis for federal question jurisdiction over Plaintiffs' claims.

Defendant contends that there are three bases for federal question jurisdiction: (1) Plaintiffs' claims are completely preempted by the Public Readiness and Emergency Preparedness ("PREP") Act, 42 U.S.C. § 247d-6d, *et seq.*; (2) Plaintiffs' claims raise a substantial federal issue; and (3) the federal officer removal statute applies. Dkt. 22 at 11–27. These arguments are considered in this sequence.

      a)    Whether Plaintiffs' Claims Are Completely Preempted by the PREP Act

Defendant first argues that there is federal question jurisdiction over Plaintiffs' claims because they are completely preempted. Dkt. 22 at 11–16. Complete preemption, an exception to the well-pleaded complaint rule, allows removal when the "preemptive force" of a federal statute is "so strong that [it] 'completely preempt[s]' an area of state law." *Dahl*, 316 F.3d at 1077 (quoting *Balcorta*, 208 F.3d at 1107); *see also City of Oakland*, 969 F.3d at 905. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *see also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.8 (9th Cir. 2007) ("Complete preemption (a jurisdictional issue) converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes.").

For a federal statute to preempt completely an area of state law, it "must 'provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action.' " *City of Oakland*, 969 F.3d at 905 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)) (alteration in original). "The Supreme Court has identified only three statutes" that have complete preemptive effect: (1) Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86. *Id*. at 905–06 (citations omitted). The Ninth Circuit has "held that complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *Id*. at 906.

As noted, Defendant argues that Plaintiffs' claims are preempted by the PREP Act. Dkt. 22 at 11–16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

The PREP Act confers on the Secretary of the Department of Health and Human Services ("HHS") the authority to "make[] a determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency." 42 U.S.C. § 247d-6d(b)(1). If the HHS Secretary makes such a determination, the PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." *Id*. § 247d-6d(a)(1). The PREP Act also provides for an administrative remedy for "eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to [the HHS Secretary's] declaration." *Id*. § 247d-6e(a). Specifically, such persons may seek compensation from the "Covered Countermeasure Process Fund," which is established by the PREP Act to "provid[e] timely, uniform, and adequate compensation" for such individuals. *Id*.

On March 10, 2020, the Secretary of HHS issued a declaration pursuant to the PREP Act determining that the COVID-19 pandemic "constitutes a public health emergency." Dkt. 23-8 at 2; 85 Fed. Reg. 15198, 15198 (Mar. 17, 2020). Accordingly, Defendant argues that Plaintiffs' claims fall within the scope of the PREP Act and are completely preempted by it. Dkt. 22 at 11–17. However, even assuming that Plaintiffs' claims fall within the scope of the statute, the PREP Act is not one of complete preemption. "[C]omplete preemption that confers federal question jurisdiction is very rare" and has been restricted to the three statutes that the Supreme Court has determined to have complete preemptive effect. *Martin v. Serrano Post Acute LLC*, No. 20-CV-5937-DSF, 2020 WL 5422949, at *2, *4 (C.D. Cal. Sept. 10, 2020), *aff'd sub nom. Martin v. Filart*, No. 20-56067, 2022 WL 576012 (9th Cir. Feb. 25, 2022). But "the PREP Act is 'not one of th[ose] three statutes.' " *Saldana v. Glenhaven Healthcare LLC*, No. 20-CV-5631-FMO, 2020 WL 6713995, at *2 (C.D. Cal. Oct. 14, 2020), *aff'd*, 27 F.4th 679 (9th Cir. 2022). Moreover, the structure of the PREP Act reflects that it was not intended to provide complete preemption. *See Saldana*, 27 F.4th at 688. For these reasons, the Ninth Circuit determined in *Saldana* that "the PREP Act is not a complete preemption statute." *Id.*

Defendant contends that Advisory Opinion 21-01 of the HHS Office of the General Counsel (the "Advisory Opinion") supports and requires a finding of complete preemption. Dkt. 22 at 14. The Advisory Opinion provides that "[t]he PREP Act is a '[c]omplete [p]reemption' [s]tatute." Dkt. 23-33 at 3. It supports this determination as follows: "The *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court." *Id.* According to the Advisory Opinion, "the PREP Act does both" (*id.*) because it provides that "the sole exception to the immunity from suit and liability of covered persons . . . shall be for an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct . . . by such covered person" (42 U.S.C. § 247d-6d(d)(1)).

The Ninth Circuit expressly rejected the significance of the Advisory Opinion in concluding that the PREP Act is not one of complete preemption. As it stated in *Saldana*:

> [Defendant] relies on the [Advisory Opinion's] conclusion[] that the PREP Act is a complete preemption statute. . . . But "[c]omplete preemption is really a jurisdictional rather than a preemption doctrine[.]" *Dennis*, 724 F.3d at 1254 (internal quotation omitted). And an agency's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

> opinion on federal court jurisdiction is not entitled to Chevron deference. *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 920 n.1 (9th Cir. 2013). Thus, [Defendant's] reliance on the Advisory Opinion is misplaced and not a sufficient basis to establish complete preemption and thus federal jurisdiction.
>
> Instead of deferring to an opinion of the Office of General Counsel, this court applies the two-part test articulated in *City of Oakland*: (1) did Congress intend to displace a state-law cause of action and (2) did Congress provide a substitute cause of action? . . . The PREP Act neither shows the intent of Congress to displace [] non-willful misconduct claims . . . related to the public health emergency, nor does it provide substitute causes of action for their claims. Thus, under this court's two-part test, the PREP Act is not a complete preemption statute.

27 F.4th at 687–88.

For the foregoing reasons, the PREP Act does not completely preempt Plaintiffs' claims. Therefore, the PREP Act does not provide a basis for federal question jurisdiction over this action.

        b)        Whether Plaintiffs' Claims Raise an Embedded Federal Question

Defendant next argues that there is federal question jurisdiction over Plaintiffs' claims because they raise an embedded federal question. Dkt. 22 at 27. This doctrine, which is another exception to the well-pleaded complaint rule, provides that there is federal question jurisdiction when a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983)); *see also City of Oakland*, 969 F.3d at 904. Applying embedded federal question doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258. "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id*. (quoting *Grable*, 545 U.S. at 313–14).

Defendant argues that embedded federal question doctrine applies to Plaintiffs' claims because, by invoking the PREP Act, they "necessarily raise a . . . federal issue that is actually disputed and substantial" and which a federal court can "entertain . . . 'without disturbing a congressionally approved balance of state and federal judicial responsibilities.' " Dkt. 22 at 27 (citing *Grable*, 545 U.S. at 314). The Ninth Circuit rejected this argument in *Saldana*. 27 F.4th at 688. It held that the plaintiffs' claims -- which, as here, included elder abuse, willful misconduct, negligence and wrongful death -- were "raised under California law and d[id] not raise questions of federal law on the face of the complaint." 27 F.4th at 688. Therefore, the court found that any application of the embedded federal question doctrine to the plaintiffs' claims failed on the first step of *Gunn*, which asks whether a federal issue is "necessarily raised." *Id.* The Ninth Circuit also determined that, even if the defendant sought to raise a federal defense under the PREP Act, a federal defense "is not a sufficient basis to find embedded federal question jurisdiction. *Id.*; *see also Thomas v. Century Villa Inc.*, No. 21-CV-03013-MCS, 2021 WL 2400970, at *15 (C.D. Cal. June 10, 2021). For that reason, the Ninth Circuit concluded that there was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

no federal question jurisdiction over the plaintiffs' claims under the embedded federal question doctrine. 27 F.4th at 688.

This same reasoning applies here. Like the claims in *Saldana*, Plaintiffs' claims arise under California law and do not raise federal questions on the face of the Complaint. *See id.* Further, even if Defendant sought to raise a federal defense under the PREP Act, that defense would be inadequate to support federal question jurisdiction. For these reasons, Plaintiffs' claims under the PREP Act do not raise an embedded federal question, and the corresponding doctrine does not provide a basis for federal question jurisdiction over this action.

c) Whether the Federal Officer Removal Statute Applies

Defendant finally argues that there is federal question jurisdiction under the federal officer removal statute. Dkt. 22 at 27. "To remove a state court action under the federal officer removal statute, a defendant must establish that '(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense." *Saldana*, 27 F.4th at 684 (quoting *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020)).

Defendant contends that the federal officer removal statute applies here because, in carrying out the conduct alleged in the Complaint, it was acting "as part of the nation's critical infrastructure at the specific direction of federal authorities," including the CDC and other various agencies. Dkt. 22 at 30. In support of this argument, Defendant cites memoranda it received from various federal agencies, including HHS, the Centers for Medicare and Medicaid Services and the Centers for Disease Control, that directed certain courses of conduct in connection with the COVID-19 pandemic. *Id.*

As Defendant states, "the federal officer removal statute is to be 'liberally construed.' " *Saldana*, 27 F.4th at 684 (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007)); *see also* Dkt. 22 at 28. However, Defendant's alleged actions were not directed by a federal officer because, at most, Defendant was acting under the guidance of a larger regulatory scheme. This is not sufficient to invoke the federal officer removal statute because " 'simply *complying*' with a law or regulation is not enough to 'bring a private person within the scope of the [federal officer removal] statute.' " *Saldana*, 27 F.4th at 684 (quoting *Watson*, 551 U.S. at 152–53). Accordingly, as *Saldana* explained:

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. . . . The upshot is that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone."

*Id.*

In this action, as in *Saldana*, "[Defendant] has failed to establish that it was 'acting under' a federal official, and it has not identified a duty of the federal government that it performed." 27 F.4th at 685. To the contrary, "[t]he directions Defendant[] point[s] to are general regulations and public directives regarding the provision of medical services." *Martin*, 2020 WL 5422949, at *1; *see also Saldana*, 27

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-09575 JAK (JEMx) | Date | March 20, 2024 |
|---|---|---|---|
| Title | Sandra Martin, et al. v. Baj Management, et al. | | |

F.4th at 685. For this reason, Defendant was not acting under a federal officer as defined by the federal officer removal statute, and that statute does not provide a basis for federal question jurisdiction over this action.

*     *     *

For the foregoing reasons, there is no basis for federal question jurisdiction over this action. Accordingly, the MTR is **GRANTED**.

**V.     Conclusion**

For the reasons stated in this Order, the MTR is **GRANTED**. This action is remanded to the Los Angeles Superior Court at its Spring Street Courthouse (Case No. 21-ST-CV-40177). In light of this determination, the MTD is one that cannot be addressed in this proceeding, but may be renewed in the Superior Court. Therefore, in this action, the MTD is **MOOT** solely for purposes of these federal proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     tj